**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

OMAR A. KERR,
INS # A77-346-720,

    Petitioner,

vs.                                  Case Number 4:08cv112-SPM/WCS

MICHAEL MUKASEY,
MICHAEL CHERTOFF,
MICHAEL ROZOS,
DAVID HARVEY, and
DEPARTMENT OF
HOMELAND SECURITY

    Respondents.

_____/

**REPORT AND RECOMMENDATION**

Petitioner initiated this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 12, 2008.  Doc. 1.  Petitioner asserted he was being held in indefinite detention, and sought release under Zadvydas v. Davis, 533 U.S. 678 (2001).  *Id.*  Respondents filed a response on May 28, 2008, arguing that Petitioner had not shown that his removal was not foreseeable.  Doc. 13.  Respondents also advised that steps were being undertaken to procure travel documents and it was anticipated that Petitioner would be removed to Belize.  *Id.*  An order was entered to remind Petitioner to

file a response to the government's answer, doc. 14, but Petitioner's copy of the order was returned as undeliverable. Doc. 15. Another order was entered in June, 2008, requesting information from Respondents as to whether Petitioner had been released or removed. Doc. 16. Prior to receipt of Respondents' response to the order, doc. 18, Petitioner filed his reply to Respondents' answer to his petition for writ of habeas corpus, doc. 17. Petitioner's reply, doc. 17, was filed on June 25, 2008.

Because there had been a five month delay in ruling on the § 2241 petition, an order was entered requesting information on Petitioner's status.[1] Doc. 19. Petitioner's copy of that order was returned as undeliverable as well. Doc. 20. Respondents filed a response on December 9, 2008, advising that Petitioner had been "removed from the United States to the country of Belize on August 14, 2008, and, thus, this case is moot." An attachment to the response demonstrates Petitioner left the United States on August 14, 2008, from Miami, Florida. Doc. 21, exhibit 1.

Accordingly, this § 2241 petition is moot because the relief requested by Petitioner, release from detention, was granted. Petitioner did not contest his removal from this country, only a period of alleged indefinite detention. Since he is no longer in custody by virtue of his removal, there is nothing left for this Court to remedy.[2]

---

[1] The Court attempted to confirm that Petitioner was still being detained at the Wakulla County jail, but officials at the Jail advised that Petitioner was released to I.C.E. custody in mid-August, 2008.

[2] Petitioner had been ordered to "immediately file a notice of change of address with this Court should he be released from custody, transferred to another detention facility, or otherwise re-located." See docs. 5, 14. Nothing has been received from Petitioner advising of a new address. Petitioner has abandoned this litigation.

In light of the uncontested assertion by Respondent, it is respectfully

**RECOMMENDED** that the § 2241 petition filed by Omar A. Kerr be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on December 11, 2008.

    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**